In re Geraldine Richardson LONG, Debtor.

Bankruptcy No. 79–01308.

United States Bankruptcy Court, E. D. Virginia, Norfolk Division.

May 7, 1980.

Ronald J. Berg, Berg & Gordon, Virginia Beach, Va., for debtor, and the Collection Manager of Sears, Roebuck and Co.

HAL J. BONNEY, Jr., Bankruptcy Judge.

We encounter a case of first impression wherein we determine the extent to which we play the divine.

■ Against the advice of her counsel, Geraldine Richardson Long [the debtor] seeks by application to reaffirm an indebtedness to Sears, Roebuck and Company for $1,312.40 minimally secured by soft goods or hard only to the extent of a lawn mower.

Such an agreement is subject to the approval of the Court. 11 U.S.C. § 524(c), (d).

The Court must be satisfied that the agreement does not impose an undue hardship on the debtor or a dependent of the debtor and that such an agreement is in the best interest of the debtor. 11 U.S.C. § 524(c)(4)(A).

At the discharge hearing where this application for approval of the agreement was considered, the Court had Mrs. Long sworn and questioned her at length in view of her attorney's advice to his client that she should not enter into such an agreement.

The Court was quickly satisfied that no hardship to the debtor or a dependent would result from reassumption of the debt.

But why would she desire to reaffirm a $1,300 dischargeable debt when she could redeem the property for a very few dollars? She stated she was an employee of Sears, Roebuck and Company and wished to reaffirm for that reason alone.

Ah, job pressure? No, she would admit to no pressure either for possible loss of employment or for possible discrimination in such matters as promotions. We accept that at face value. A knowledgeable firm like Sears, Roebuck and Company is not about to engage in such tactics. It respects the law, even that which permits an employee a fresh start in life through bankruptcy.

Indeed, it may well obtain that a private party, like a governmental unit, 11 U.S.C. § 525, may not lawfully discriminate simply because one has filed bankruptcy. The legislative history to section 525 clearly states

that while it pertains to governmental units, "it is not limiting" and the Courts "will continue to mark the contours of the anti-discrimination provisions in pursuit of sound bankruptcy policy." House Report No. 95–595, 95th Cong., 1st Sess. (1977) 366–7, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6323. Also see Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 81. This view will only be accorded the status here of dictum.

Still, with no discrimination present or anticipated in our immediate case, and with a strong expression on the part of the debtor to reaffirm since she is an employee, *is it in her best interest?*

Hereupon, the Court, in its broad discretion, must decide what is or is not in one's best interest. I suggest we have entered a new dimension. We learned from the onset as applications for approval of reaffirmation agreements came before the Court that there would be many unusual *twists* to it, which is to say that every reaffirmation agreement does not involve the family steed or the family heirlooms. We recall the debtor who wanted to reaffirm because his aged parents were guarantors on a debt and would be pursued by the creditor if he did not make peace. And once upon a time a fellow [single and able] asked for approval of an agreement with a dance studio, for when he originally needed an endorser on his paper for the lessons, a fellow student, a widow, obligated herself and he, the debtor, wished now to save her harmless.

No, the Court will not approve the application for approval of the debtor's agreement with Sears, Roebuck and Company.

■ We can take judicial notice of the fact that in the past many bankrupts almost immediately returned to financial difficulty after discharge because they reaffirmed discharged debts. For some it was a matter of conscience. "I want to repay you as soon as I can." "Good, sign here." Or the fellow needs a loan and his usual source says, "Sure, sign up again for the old debt and we'll let you have some additional money" knowing that he could not declare straight bankruptcy again for six years.

Again, the legislative history is clear. Some Congressional draftsmen wanted to ban all reaffirmations. Others said there might be, in some cases, genuine *need* to reaffirm. The compromise was close scrutiny by the Court. We are to look them over in an exceedingly fine manner. 124 Cong. Rec.H. 11,096 (Sept. 28, 1978); S. 17,413 (Oct. 6, 1978).

We cannot condemn Mrs. Long's desire to save her employer harmless. Indeed, it is in a sense even commendable. *But there is another way to do it.* Mrs. Long can, may, *voluntarily* pay Sears, Roebuck and Company the $65.00 per month.

It is not the wisdom of Solomon, but a fair solution. She is not then legally bound should circumstances change, but neither is she barred from paying.

She can demonstrate her good faith and her employer should take it as such. And everyone can live happily ever after.

The application for approval of the reaffirmation agreement with Sears, Roebuck and Company is hereby denied, not approved.

IT IS SO ORDERED.